UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

| | |
|---|---|
| **JIMMY GILLEY, ET AL** | **CIVIL ACTION NO. 3:14CV667** |
| **VERSUS** | **JUDGE ROBERT G. JAMES** |
| **LOWE'S HOME CENTERS, LLC** | **MAGISTRATE JUDGE HAYES** |

## MEMORANDUM ORDER

Before the undersigned Magistrate Judge, on reference from the District Court, is a "Motion to Compel Physical Examination," [doc. # 36-1], filed by Defendant Lowe's Home Centers, LLC. Plaintiff Jimmy Gilley opposes the Motion. [doc. # 39]. For reasons assigned below, the Motion is **GRANTED**.

## Background

Plaintiffs Jimmy and Patricia Gilley, husband and wife, filed suit against Defendant Lowe's Home Centers, LLC on February 21, 2014. [doc. # 1-1]. Plaintiff Jimmy Gilley alleges that Defendant, through its negligence, caused him to fall from a patio stool and suffer severe injuries to his right shoulder and left knee. *Id.* Plaintiff claims that he is entitled to reimbursement for prior medical expenses and recovery for the following damages: "Past, present and future pain, suffering, disability, mental anguish, inconvenience, embarrassment and loss of enjoyment of life." *Id.* at 2-3.

Defendant "contends that Mr. Gilley's injuries and treatment were not caused or necessitated by the subject accident . . . ." [doc. # 36-2, p. 2]. To support its contention, it asked Plaintiff to submit to an independent medical examination ("IME") and allow Dr. Douglas Brown to evaluate him and opine on the cause and extent of Plaintiff's injuries, the necessity of both past and future medical treatment, and whether Plaintiff is disabled due to the incident in

question.  [doc. #s 36-2, p. 2; 41, p. 2].  However, Plaintiff's counsel emailed Defendant's counsel on March 2, 2015, and informed Defendant that Plaintiff would not submit to an IME unless the Court ordered him to.  [doc. #36-3, p. 8].  As a result, Defendants filed the instant Motion to Compel on March 12, 2015, and asked the Court, pursuant to Federal Rule of Civil Procedure 35, to compel Plaintiff to submit to the requested IME.  [doc. # 36-1].

## Law and Analysis

Federal Rule of Civil Procedure 35(a) provides, "The court where the action is pending may order a party whose mental or physical condition--including blood group--is in controversy to submit to a physical or mental examination by a suitably licensed or certified examiner."  The order "may be made only on motion for good cause and on notice to all parties and the person to be examined . . . ."  FED. R. CIV. P. 35(a)(2)(A).  Generally, courts liberally construe the Rule in favor of granting discovery.  *See McClanahan v. Transocean Offshore Intern. Ventures Ltd.*, 2006 WL 2989243, at *2 (W.D. La. Oct. 19, 2006) (citing *Grossie v. Florida Marine Transporters, Inc.*, 2006 WL 2547047, at *2 (W.D. La. Aug. 31, 2006)).

Here, Plaintiff does not argue that his medical condition is not in controversy or that Defendant lacks good cause for requesting the IME; rather, Plaintiff argues that Defendant waived its right to request an IME when it failed to identify Dr. Brown as an expert by the December 26, 2014 deadline set forth in the Court's scheduling order.  [doc. # 39, p. 1].  Plaintiff also contends, ostensibly, that Defendant's request was untimely because "Defendant waited until March, 2015, to attempt to schedule [the IME]."  *Id.*

Plaintiff's arguments are unfounded.  As to the former, Plaintiff is correct that the deadline for identifying experts was December 26, 2014.  [doc. # 9, p. 4].  However, Defendant

2

timely notified Plaintiff that it intended to hire a physician to conduct an IME on December 16, 2014. [doc. # 41-1, p. 3]. Although Defendant did not identify the expert by name, it did put Plaintiff on notice of its intention. Moreover, Plaintiff does not claim that Defendant's failure to specify the particular expert prejudiced him in any way. Accordingly, Defendant did not waive its right to obtain an IME.

Turning to the latter argument, on December 15, 2014, the undersigned extended the February 5, 2015 deadline for completing discovery and filing motions to compel to March 31, 2015. [doc. # 18]. In that respect, Plaintiff's counsel's email to Defendant's counsel demonstrates that Defendant attempted to schedule an IME at least as early as March 2, 2015, well before the deadline for completing discovery. [doc. # 36-3, p. 8]. In addition, Defendant filed the instant Motion to Compel on March 12, 2015, well before the same deadline for filing motions to compel. [doc. # 36-1]. Clearly, Defendant's initial IME request and the instant Motion to Compel were timely.

## Conclusion

For these reasons, **IT IS ORDERED** that Defendant's "Motion to Compel Physical Examination," [doc. # 36-1], is **GRANTED** and that Plaintiff Jimmy Gilley shall appear before Dr. Douglas Brown at 312 Grammont St., Suite 302, Monroe, Louisiana, at 9:00 a.m. on April 3, 2015 (unless counsel mutually agree on an alternative date and/or time). The examination shall include only questioning, testing, and examining necessary to reach an opinion on the cause and extent of Plaintiff's alleged injuries, the necessity of past and future medical treatment, and whether Plaintiff is disabled as a result of the incident in question.

**IT IS FURTHER ORDERED** that Defendant's deadline for delivering expert reports to

Plaintiff is extended to **April 10, 2015, and the deadline for taking Dr. Brown's deposition is extended to April 20, 2015**.

In Chambers, Monroe, Louisiana, this 23rd day of March, 2015.

_____
KAREN L. HAYES
UNITED STATES MAGISTRATE JUDGE