UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | |
|---|---|
| JIMMY J. GILLEY AND PATRICIA GILLEY | CIVIL ACTION NO. 14-00667 |
| VERSUS | JUDGE ROBERT G. JAMES |
| LOWE'S HOME CENTERS, L.L.C., ET. AL. | MAG. JUDGE KAREN L. HAYES |

RULING

This is a slip and fall diversity case in which Plaintiff Jimmy Gilley ("Gilley") alleges he was injured when a negligently placed stool in Defendant Lowe's Home Centers, L.L.C. ("Lowe's") slid out from under him. Lowe's filed a Third Party Complaint against 3i Corporation Limited ("3i"), alleging the stool involved was manufactured by 3i and that it was defectively designed. Pending before the Court is 3i's Motion for Summary Judgment, which includes a request for attorney's fees. [Doc. No. 34].

For the following reasons, the motion is GRANTED IN PART and DENIED IN PART.

I.     FACTS AND PROCEDURAL HISTORY

On the evening of March 30, 2013, Gilley went with his wife and two friends to the Ruston, Louisiana Lowe's. While there, a patio display set containing four bar stools caught Gilley's eye. Gilley testified that he was particularly interested in the set because it was wooden and would complement his patio well. [Doc. No. 34, Exh. A, Gilley Deposition ("Gilley Depo."), pp. 49-51]. When he attempted to sit on one of the stools, it slid out from under him, and he fell to the floor. *Id.* at 31. The stool had a swivel top with a beige cushion, and had no back or arms. *Id.* at p. 107. Only Gilley and his friend, Benson Bennett ("Bennett"), were present at the time. *Id.* at pp. 62-63.

Gilley alleges the stool had "metal buttons . . . that went under the bottom of the stool leg"[1] and that the stool was displayed on Lowe's concrete floor, with nothing between the stool's metal footings and the concrete. *Id.* at pp. 67, 57.

Approximately 20 minutes after the incident, Eddie Jones ("E. Jones") and Romairo Jones ("R. Jones"), both managers, arrived. R. Jones completed an accident report, *id.* at pp. 8, 61, 71, and recorded the item involved in the incident as item number 151737, a Safford chair manufactured by 3i, basing this on the erroneous assumption that the chair closest to Gilley was involved in the accident. [Doc. No. 34, Exh. C, Jones Depo., pp. 12, 34, 47]. R. Jones did not ask Gilley if he fell from the 3i chair. *Id.* at pp. 12, 34; *see also* [Doc. No. 34, Exh. A, Gilley Depo., pp. 148-49]. Gilley testified the chair recorded on the incident report was not the chair from which he fell. *Id.* at pp. 48-54, 103, 107, 148-150. The Safford chair is aluminum, with arms and a back, and has no seat cushion. *See* [Doc. No. 34, Exh. E, Representation of Chair].

As a result of the fall, Gilley claims he underwent surgery on his right shoulder and left knee and alleges, to date, his medical expenses have exceeded $67,000. [Doc. No. 1-1, Plaintiff's Complaint, p. 2].

Gilley initiated this action on February 21, 2014, in the Third Judicial District Court for the Parish of Lincoln, State of Louisiana. [Doc. No. 1-1]. Lowe's removed the case to this Court and subsequently filed a Third Party Complaint against 3i, alleging that the chair in dispute was manufactured defectively by 3i, and that 3i owed Lowe's a defense and indemnity per the terms of the parties' Buying Agreement. [Doc. No. 15]. On March 11, 2015, 3i filed the instant Motion for

---

[1] Gilley also described the stool's footings as "piece[s] of metal . . . [that] looked like a little cap." [Doc. No. 34, Exh. A, Gilley Depo., p. 67].

Summary Judgment, contending it did not manufacture the bar stool Gilley fell from. [Doc. No 34]. 3i also seeks attorney's fees and costs. Lowe's filed a memorandum in opposition. [Doc. No. 46]. 3i replied. [Doc. No. 48].

## II. LAW AND ANALYSIS

### A. Standard of Review

A motion for summary judgment should be granted only if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, show that there is no genuine issue as to material fact and that the mover is entitled to judgment as a matter of law. FED. R. CIV. P. 56(c)(2). A fact is "material" if proof of its existence or nonexistence would affect the outcome of the lawsuit under applicable law in the case. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute about a material fact is "genuine" if the evidence is such that a reasonable fact finder could render a verdict for the nonmoving party. *Id.*

### B. Choice of Law

Because the Court is sitting in diversity, the substantive law of Louisiana, the forum state, applies. *See, e.g., Holt v. State Farm Fire & Cas. Co.*, 627 F.3d 188, 191 (5th Cir. 2010) (citing *Erie R. Co. v. Tompkins*, 304 U.S. 64 (1938)).[2]

### C. 3i's Motion for Summary Judgment

#### 1. *Indemnification Under the Buyer Agreement*

Alleging there are no factual issues as to whether it manufactured the stool in question, 3i contends it is not required to afford a defense and indemnity under the parties' Buying Agreement. Lowe's opposes summary judgment, arguing factual issues exist. Lowe's also contends that 3i's

---

[2] The parties agree that Louisiana law governs this case.

Motion for Summary Judgment is premature as there has yet to be an allocation of fault.

Louisiana's general rules of contract interpretation apply to contracts of indemnity. *Maya v. Priola Const. Corp.*, 2012-1027 (La. App. 3 Cir. 3/6/13); 128 So. 3d 1009, 1012 (internal citations omitted). The "words of a contract must be given their generally prevailing meaning," LA. CIV. CODE ANN. art. 2047. "Agreements to indemnify are strictly construed, and the party seeking to enforce the agreement bears the burden of proof." *Kelly v. Sneed*, 27,171 (La. App. 2 Cir. 8/23/95); 660 So. 2d 118, 120 (internal citations omitted).

"When uncontroverted facts preclude the possibility of a duty to indemnify, the duty to defend ceases and the duty to indemnify is negated." *Maldonado v. Kiewit Louisiana Co.*, 2013-0756 (La. App. 1 Cir. 3/24/14); 146 So. 3d 210, 219 (citing *Allstate Ins. Co. v. Roy*, 94–1072 (La. App. 1 Cir. 4/7/95); 653 So.2d 1327, 1333. For purposes of summary judgment, a fact is not in controversy when it is supported only by conclusory allegations and unsupported assertions. *Hathaway v. Bazany*, 507 F.3d 312, 319 (5th Cir. 2007). Assertions not based on personal knowledge do not constitute competent summary judgment evidence. FED. R. CIV. P. 56(e); *Tesco Corp. v. Weatherford Int'l, Inc.*, 904 F. Supp. 2d 622, 636 (S.D. Tex. 2012). "Personal knowledge" means knowledge gained through firsthand observation or experience, as distinguished from a belief based "on an unsubstantiated belief." *de la O v. Hous. Auth. of City of El Paso, Tex.,* 417 F.3d 495, 502 (5th Cir. 2005). Finally, an indemnification agreement cannot be construed to indemnify the indemnitee (here, Lowe's) against losses resulting from the indemnitee's own negligence absent a clear, unequivocal statement to that effect in the indemnity agreement. *Perkins v. Rubicon, Inc.*, 563 So. 2d 258, 259 (La. 1990).

3i does not have a duty to defend or indemnify Lowe's because there are no factual issues

as to whether 3i manufactured the barstool involved. The parties' Buying Agreement provides in relevant part that:

> [3i's] obligation to indemnify and hold harmless [Lowe's] shall include, but not be limited to, any and all claims . . . which may be made or brought against [Lowe's] arising out of . . .
>
> (2) alleged bodily injury or property damage related to the possession or use of any product; . . . or
> . . .
> (7) any other allegation arising directly or indirectly from any product originating from [3i].

[Doc. No. 34, Exh. G, Buying Agreement, p.16]. The unambiguous terms of the agreement dictate that 3i's duty to indemnify is invoked only where a 3i product is actually implicated.

Based on the competent evidence before the Court, there are no genuine issues of material fact that 3i manufactured the bar stool in question. Gilley, the only individual with personal knowledge of the incident,[3] testified unequivocally that he fell from a wooden bar stool with no backs or arms and padded cushions on the seats. [Doc. No. 34, Exh. A, Gilley Depo., pp. 45-46]. 3i sells no wooden furniture through Lowe's, a fact that Lowe's does not dispute. Moreover, when shown pictures of the 3i chair Lowe's alleges was involved in the accident–an aluminum chair with arms and a back, and with no seat cushion–Gilley was adamant that it was not the bar stool he fell from *Id.* at pp. 49, 51, 52, 148, 149.[4]

---

[3] Gilley's friend, Bennett, would also likely have personal knowledge of the incident, but the parties do not indicate that he has provided testimony or an affidavit.

[4] When shown pictures of the 3i chair and questioned regarding its potential involvement in his accident, Gilley responded as follows:

> "It's not–it's not even close–not nothing close."[Doc. No. 34, Exh. A, Gilley Depo., p. 49].

> "That's not even close." *Id.* at 51

Lowe's argues there are factual issues that Gilley fell from a 3i chair based on R. Jones' Accident Report and his deposition. However, R. Jones lacks the requisite personal knowledge to offer competent summary judgment evidence to this effect. R. Jones testified that he did not see Gilley fall, did not see an overturned bar stool or chair, and admits he failed to ask Gilley from which bar stool or chair he fell. [Doc. No. 34, Exh. C, Jones Depo., pp. 12, 34]. When asked why he recorded the 3i chair in the Accident Report, R. Jones responded that he assumed it was the 3i chair because of its proximity to where Gilley was lying on the floor when he arrived (which was approximately 20 minutes after the incident). *Id.* at 47.

Because there are no factual issues as to whether a 3i product was involved in this incident, 3i could only have a duty to indemnify Lowe's if the Buying Agreement clearly and unequivocally stated that 3i is bound to indemnify Lowe's for Lowe's own acts of negligence. *Perkins,* 563 So. 2d at 259. There is no such provision in he Agreement, and Lowe's does not allege otherwise.

Lowe's also argues against summary judgment on grounds that an adjudication on a claim for defense and indemnity would be premature because it has not been shown that Lowe's sustained a "compensable loss." *Int'l Paper Co. v. Deep S. Equip. Co.*,. CIV.A. No 11-0017, 2012 WL 5288186 (W.D. La. Oct. 22, 2012). The cases cited by Lowe's supporting this proposition, however, all involve circumstances where the indemnitor would be contractually bound to

---

"Not even close." *Id.* at 52

"[that's] not even the one I was looking at." *Id.* at 148.

"That's not the chair."*Id.* at 149.

indemnify. Because the Court finds 3i is not required to indemnify, it is self-evident such a ruling would not be premature. Therefore, 3i's Motion for Summary Judgment is GRANTED to the extent it seeks dismissal of Lowe's Third Party Complaint. All claims asserted by Lowe's against 3i are DISMISSED WITH PREJUDICE.

### 2. *Attorney's Fees*

3i also moves for attorney's fees and costs under FED. R. CIV. P. 11, alleging that Lowe's Third Party Complaint was baseless because, at the time it filed the Complaint, Lowe's knew the chair in question was not defective. Moreover, 3i highlights that, after the parties learned the chair had been misidentified, it sent Lowe's a letter requesting that the Third Party Complaint be dismissed and threatening a motion for Rule 11 sanctions if the claims were not dismissed. [Doc. No. 23, Exh. H]. To date, Lowe's has not dismissed its Third Party Complaint.

When filing a pleading, an attorney certifies that to the best of his knowledge, formed after an inquiry reasonable in the circumstances, that "the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery." FED. R. CIV. P. 11(b)(3). A violation of FED. R. CIV. P. 11(b)(3) may be grounds for sanctions and attorney's fees and costs. *See id.* at 11(c)(1) & (2). However, the party seeking sanctions and costs must file that motion separate from any other motion, served under FED. R. CIV. P. Rule 5, "but it must not be filed or be presented to the court if the [opposing party's challenged action] . . . is withdrawn or appropriately corrected within 21 days after service . . . ." *Id.* at 11(c)(2).

Rule 11 is interpreted literally and courts refuse to issue sanctions or reward attorney's fees and costs where the motion does not comply with the Rule. *See, e.g., Falso v. Rochester City Sch.*

7

*Dist.*, 784 F. Supp. 2d 226, 230 (W.D.N.Y. 2011) (plaintiff's request for Rule 11 sanctions denied because the request was made alongside its motion for summary judgment, in contravention of Rule 11's requirement that the motion be made separately from any other motion); *Duprey v. Twelfth Judicial Dist. Court*, 760 F.Supp.2d 1180 (D.N.M. 2009) (defendants' request for Rule 11 sanctions was deficient because, rather than following the prescribed method, defendants tagged their request for sanctions onto a motion to dismiss and thereby bypassed the Rule's 21-day safe-harbor); *Allie v. Whole Foods Market Group, Inc.*, 746 F.Supp.2d 773 (E.D.Va. 2010) (same).

Here, 3i's motion for attorney's fees and costs is deficient because it was filed alongside its Motion for Summary Judgment. Moreover, there is no indication Lowe's was served under FED. R. CIV. P. Rule 5, which would activate Rule 11's 21-day safe-harbor. Accordingly, 3i's motion for attorney's fees and costs is DENIED WITHOUT PREJUDICE, subject to 3i's right to move for sanctions by separate motion in accordance with FED. R. CIV. P. 11(c)(2).

### III. CONCLUSION

For the foregoing reasons, 3i's Motion for Summary Judgment and request for attorney's fees is GRANTED IN PART and DENIED IN PART. The motion is GRANTED to the extent it seeks dismissal of Lowe's Third Party Complaint, and Lowe's claims against 3i are DISMISSED WITH PREJUDICE. The Motion is DENIED WITHOUT PREJUDICE to the extent it requests attorney's fees and costs pursuant to Rule 11.

MONROE, LOUISIANA, this 15th day of April, 2015.

ROBERT G. JAMES
UNITED STATES DISTRICT JUDGE