UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | |
|---|---|
| JIMMY J. GILLEY AND PATRICIA GILLEY | CIVIL ACTION NO. 14-00667 |
| VERSUS | JUDGE ROBERT G. JAMES |
| LOWE'S HOME CENTERS, L.L.C., ET. AL. | MAG. JUDGE KAREN L. HAYES |

RULING

This is a slip and fall diversity case in which Plaintiff Jimmy Gilley ("Gilley") alleges he was injured by a negligently placed bar stool in the store of Defendant Lowe's Home Centers, L.L.C. ("Lowe's"). Pending before the Court is Lowe's Motion for Summary Judgment. [Doc. No. 32].

For the following reasons, the motion is GRANTED IN PART and DENIED IN PART.

**I.    FACTS AND PROCEDURAL HISTORY**

On the evening of March 30, 2013, Gilley went with his wife and two friends to the Ruston, Louisiana Lowe's. While there, a patio display set containing four bar stools caught Gilley's eye. When he attempted to sit on one of the stools, it slid out from under him, and he fell to the floor. [Doc. No. 34, Exh. A, Gilley Deposition ("Gilley Depo."), p. 31]. Only Gilley and his friend, Benson Bennett ("Bennett"), were present at the time. *Id.* at pp. 62-63. Gilley alleges the bar stool had "metal buttons . . . that went under the bottom of the stool leg"[1] and that the stool was placed on a concrete floor, with nothing between the stool's metal footings and the concrete. *Id.* at pp. 67, 57.

---

[1] Gilley also described the stool's footings as "piece[s] of metal . . . [that] looked like a little cap." [Doc. No. 34, Exh. A, Gilley Depo., p. 67].

As a result of the fall, Gilley claims he underwent surgery on his right shoulder and left knee and alleges, to date, his medical expenses have exceeded $67,000.

Gilley initiated this action on February 21, 2014, in the Third Judicial District Court for the Parish of Lincoln, State of Louisiana. [Doc. No. 1-1]. Lowe's removed the case to this Court and subsequently filed the instant Motion for Summary Judgment. [Doc. No. 32]. Gilley filed a memorandum in opposition [Doc. No. 45], to which Lowe's replied. [Doc. No. 47].

II.    **LAW AND ANALYSIS**

    A.    **Standard or Review**

A motion for summary judgment should be granted only if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, show that there is no genuine issue as to material fact and that the mover is entitled to judgment as a matter of law. FED. R. CIV. P. 56(c)(2). A fact is "material" if proof of its existence or nonexistence would affect the outcome of the lawsuit under applicable law in the case. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute about a material fact is "genuine" if the evidence is such that a reasonable fact finder could render a verdict for the nonmoving party. *Id.*

If the moving party can meet the initial burden, the burden then shifts to the nonmoving party to establish the existence of a genuine issue of material fact for trial. *Norman v. Apache Corp.*, 19 F.3d 1017, 1023 (5th Cir. 1994). In evaluating the evidence tendered by the parties, the Court must accept the evidence of the nonmovant as credible and draw all justifiable inferences in its favor. *Anderson*, 477 U.S. at 255. However, "a party cannot defeat summary judgment with conclusory allegations, unsubstantiated assertions, or only a scintilla of evidence. Thus, Summary Judgment is appropriate if a reasonable jury could not return a verdict for the nonmoving party." *Turner v. Baylor*

*Richardson Med. Ctr.*, 476 F.3d 337, 343 (5th Cir. 2007)(citing *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248(1986)).

### B. Choice of Law

Because the Court is sitting in diversity, the substantive law of the forum state, Louisiana, applies. *See, e.g., Holt v. State Farm Fire & Cas. Co.*, 627 F.3d 188, 191 (5th Cir. 2010) (citing *Erie R. Co. v. Tompkins*, 304 U.S. 64 (1938)).[2]

### C. Motion for Summary Judgment

Lowe's moves for summary judgment under general negligence principles and under the Louisiana Products Liability Act (the "LPLA"). Gilley does not contend the chair was defectively designed per the LPLA; rather, his claims derive exclusively from a premises liability theory. Gilley alleges that Lowe's placement of a bar stool with metal tipped legs on a concrete floor created an unreasonably dangerous condition, which caused his injuries.

#### 1. *Premises Liability Under LA. REV. STAT. 9:2800.6*

In a slip or fall case against a merchant, a plaintiff must prove the essential elements of a standard negligence claim in addition to the requirements of LA. REV.STAT. 9:2800.6.[3] *Sheffie v.*

---

[2] The parties agree that Louisiana law governs this case.

[3] LA. REV.STAT. 9:2800.6 is basically a more nuanced expression of a standard negligence claim. The statute provides in relevant part:

> **A.** A merchant owes a duty to persons who use his premises to exercise reasonable care to keep his aisles, passageways, and floors in a reasonably safe condition. This duty includes a reasonable effort to keep the premises free of any hazardous conditions which reasonably might give rise to damage.
>
> **B**. In a negligence claim brought against a merchant by a person lawfully on the merchant's premises for damages as a result of an injury, death, or loss sustained because of a fall due to a condition existing in or on a merchant's premises, the

*Wal-Mart La., LLC*, 13-792 (La. App. 5 Cir. 2/26/14); 134 So. 3d 80, 83. Therefore, under LA. REV.STAT. 9:2800.6, Gilley has the burden of proving that (1) a condition presenting an unreasonable risk of harm existed and that the risk of harm was reasonably foreseeable; (2) Lowe's failed to exercise its duty of reasonable care, which, in this case, requires consideration of whether (3) Lowe's *either created or* had actual or constructive notice of the condition which caused the damage prior to the occurrence. *Id.*

When determining whether a condition is unreasonably dangerous under LA.REV.STAT. 9:2800.6, Louisiana courts apply a modified version of the familiar risk-utility test and consider: (1) the utility of the complained-of condition; (2) the likelihood and magnitude of the harm, which includes the obviousness and apparentness of the condition; (3) the cost of preventing the harm; and (4) the nature of the activity in terms of its social utility, or whether it is dangerous by nature. *Russell v. Morgan's Bestway of La., LLC*, 47,914 (La. App. 2 Cir. 4/10/13); 113 So.3d 448, 452 (citing *Dowdy v. City of Monroe*, 46,693 (La. App. 2 Cir. 11/2/11); 78 So. 3d 791, 795). Simply put, the factfinder must determine whether the social value and utility of the hazard outweighs and thus justifies the potential harm it creates. *Russell,* 113 So.3d at 452 (citing *Reed v. Wal–Mart Stores, Inc.*, 97–1174 (La. 3/4/98); 708 So. 2d 362, 365).

---

    claimant shall have the burden of proving, in addition to all other elements of his cause of action, all of the following:
        (1) The condition presented an unreasonable risk of harm to the claimant and that risk of harm was reasonably foreseeable.
        (2) The merchant either created or had actual or constructive notice of the condition which caused the damage, prior to the occurrence.
        (3) The merchant failed to exercise reasonable care. In determining reasonable care, the absence of a written or verbal uniform cleanup or safety procedure is insufficient, alone, to prove failure to exercise reasonable care.

4

The duty element is conflated with the first element discussed above–that is, shopkeepers have a duty to keep their premises free of unreasonably dangerous conditions which can foreseeably cause damage. *Sheffie,* 134 So. 3d at 83 (internal citations omitted). The existence of a duty is decided as a matter of law by the court. *Crear v. Omega Protein, Inc.*, No. CIV.A. No. 01-3876, 2003 WL 2004440, at *2 (E.D. La. Apr. 29, 2003) (citing *Consolidated Aluminum Corp. v. C.F. Bean Corp ., et al.*, 833 F.2d 65, 67 (5th Cir. 1988). In determining whether a duty was owed, courts are guided by Justice Cardozo's tort maxim that "the risk reasonably to be perceived defines the duty to be obeyed." *Palsgraf v. Long Island R. Co.*, 248 N.Y. 339, 344, 162 N.E. 99, 100 (1928); *see also Consol. Aluminum*, 833 F.2d at 67 ("Foreseeability marks the limits placed on a defendant's duty.").

Even if the condition could foreseeably cause damage, giving rise to a duty, shopkeepers do not breach that duty if the plaintiff fails to present evidence that the shopkeeper was aware of the condition. LA.REV.STAT. 9:2800.6(B)(2). However, where a shopkeeper creates the alleged hazard, it is axiomatic under the plain language of the statute that the court need not determine whether the shopkeeper had actual or constructive notice of that hazard. *See id.* (the plaintiff must show that "[T]he merchant **either created or** had actual or constructive notice of the condition.") (emphasis added); *see also Peoples v. Fred's Stores of Tenn., Inc.*, 2009-1270 (La. App. 3 Cir. 6/2/10); 38 So. 3d 1209, 1222, *writ denied,* 2010-1882 (La. 10/29/10); 48 So. 3d 1090 (upholding trial court's determination that shopkeeper had notice of alleged dangerous condition where factual issues existed that shopkeeper had created the condition). In the absence of evidence that the merchant created or had actual knowledge of the hazard, the patron can make a positive showing that the condition

5

existed previously through constructive notice.[4] *Dawson v. Brookshire Grocery Co.*, 31,042 (La. App. 2 Cir. 9/23/98); 718 So. 2d 623, 625.

Lowe's does not dispute that it placed a barstool with metal footings on a concrete floor. Rather, Lowe's argues there is no evidence that the metal-to-concrete placement was unreasonably dangerous and also argues it lacked actual or constructive notice that the placement was unreasonably dangerous.

The Court finds there are genuine issues of material fact whether the placement presented an unreasonable risk of foreseeable harm. Applying the risk-utility test, the undeniable risk the placement presented, contrasted with its non-existent social utility and the negligible cost of remedying the situation (e.g., placing a rug under the barstool or rubber tips on the barstool), reasonable jurors could certainly conclude the scenario poses an unreasonable and foreseeable risk and that Lowe's therefore breached its duty of reasonable care.

Moreover, Lowe's argument that they did not have notice that the placement was unreasonably dangerous is irrelevant because it misapplies LA. REV.STAT. 9:2800.6(B)(2). The notice requirements in that provision simply address "notice of the condition"–not, as Lowe's contends, notice of the danger it presents–and are only invoked if the merchant did not create the alleged hazard.[5] Here, Lowe's admittedly created the potentially dangerous situation.[6] Its argument

---

[4] "Constructive notice" means that the condition existed for such a period of time that it would have been discovered if the merchant had exercised reasonable care. LA. REV.STAT. 9:2800.6(C)(1).

[5] LA.REV.STAT. 9:2800.6(B)(2). Lowe's argument erroneously focuses on cases addressing the notice requirements in LA. CIV. CODE ANN. ART. 2317. The statute provides in relevant part that "[T]he owner or custodian of a thing is answerable for damage occasioned by its . . . defect, only upon a showing that [the custodian] knew or, in the exercise of reasonable care, should have known of the . . . defect . . . ." That provision, and consequently the cases cited

is analogous to a shopkeeper spilling a drink and, after a patron slips on it, contending he lacked notice the condition was unreasonably dangerous. Therefore, considering these factors, Lowe's Motion for Summary Judgment is DENIED to the extent it seeks dismissal of Gilley's claims under LA. REV.STAT. 9:2800.6.

### 2. *Claims Under the LPLA*

Gilley does not claim that the bar stool was defectively designed per the LPLA. Accordingly, Lowe's Motion for Summary Judgment is GRANTED to the extent it seeks dismissal of any claims arising under the LPLA.

### III. CONCLUSION

For the foregoing reasons, Lowe's Motion for Summary Judgment is GRANTED IN PART and DENIED in PART. The motion is GRANTED to the extent it seeks dismissal of Gilley's claims arising under the LPLA. The motion is otherwise DENIED.

MONROE, LOUISIANA, this 15th day of April, 2015.

*[signature: Robert G. James]*
ROBERT G. JAMES
UNITED STATES DISTRICT JUDGE

---

by Lowe's, are inapplicable here because the defectiveness of the stool is not in question.

[6] R. Jones, a manager at Lowe's, admitted the display was set up for at least three months before the accident occurred. [Doc. No. 32, Exh. 2, Jones Depo., p. 49-50].